

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2009

# USA v. Elonzo Matthews

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2919

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Elonzo Matthews" (2009). *2009 Decisions.* Paper 1284.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2919
_____

UNITED STATES OF AMERICA

v.

ELONZO L. MATTHEWS,
Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cr-00245-001)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

Before:   FUENTES, JORDAN and NYGAARD, *Circuit Judges.*

(Filed: May 29, 2009 )
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Elonzo Matthews pled guilty in the United States District Court for the Western

District of Pennsylvania to possession of a firearm by a convicted felon, in violation of 18

U.S.C. §§  922(g)(1) and 924(e)(1).  He reserved the right to appeal the District Court's

ruling pre-trial motions he had filed. On appeal, he argues that the police lacked reasonable suspicion to stop and search him and that 18 U.S.C. § 922(g)(1) is unconstitutional under the Commerce Clause. Because there was reasonable suspicion to effectuate the search and seizure and because we have previously held that § 922(g)(1) is constitutional, *see United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001), we will affirm.

## I. Background

On July 21, 2006, New Castle, Pennsylvania police detective Chris Bouye conducted surveillance of a controlled purchase of crack cocaine. He observed a blue Ford Taurus arrive and the driver, later identified as Ms. Katie White, sell crack cocaine to an undercover police officer. During the purchase, Officer Bouye noticed Elonzo Matthews in the passenger seat. Bouye recognized Matthews because the two had grown up together and Bouye had been involved in arresting Matthews previously. The police did not make any arrests following the controlled purchase, and Bouye returned to the police station for a debriefing.

Bouye left the police station at around 8:30 P.M. dressed in civilian clothing and proceeded to drive home in his personal vehicle.[1] While driving, he noticed a blue Ford Taurus, similar to the car he had seen during the controlled drug purchase, parked one

---

[1]Bouye did not use his personal vehicle to conduct surveillance during the controlled buy.

block from the police station. The car began to follow Bouye and stayed behind him through several turns until he finally pulled over so it could pass. The car drove past Bouye and turned into a residential driveway. As the vehicle passed, Bouye observed that the occupants were Matthews and White.

Concerned for his safety, Bouye blocked the driveway with his vehicle. He approached the Taurus with his gun drawn, showed his police badge, and asked White and Matthews why they were following him. He then asked them to provide identification. During the course of the encounter, Matthews attempted to reach for the glove box several times but was ordered to stop by Bouye. After White provided her diver's licence, Bouye called for backup using his cell phone. When backup officers arrived, they searched Matthews and asked him for consent to search his vehicle.[2] Matthews consented to the search, and police found both a handgun between the passenger seat and the center console and a magazine clip in the glove box. A short time later, police discovered a small bag of crack cocaine on the ground near where Matthews had been standing during the search of his vehicle.

Matthews was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and, shortly thereafter, filed a motion to dismiss the indictment, arguing that § 922(g)(1) exceeds Congress's authority under the Commerce

---

[2] The vehicle was registered to Matthews but was being driven by White because Matthews did not have a driver's license.

3

Clause. The District Court denied his motion. Next, Matthews filed a motion to suppress the gun, magazine clip, and statements he made following the stop because police lacked reasonable suspicion to conduct the stop. The District Court denied that motion too, concluding that the officers had reasonable suspicion that Matthews "was engaged in criminal activity and presented a reasonable apprehension of danger to the police officers." (App. at 5.)

Matthews pled guilty to being a felon in possession of a firearm but explicitly reserved the right to appeal the District Court's decisions to deny his motions to dismiss and to suppress. The Court sentenced Matthews to 92 months in prison, to be followed by three years of supervised release. Matthews filed a timely appeal and challenges the District Court's denial of his motions to dismiss the indictment and to suppress evidence.

## II. Discussion[3]

### A. Motion to Suppress

We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review over the Court's application of law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

Matthews contends that, because Officer Bouye did not have reasonable suspicion to stop him, the District Court erred by denying his motion to suppress evidence seized

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

from his car and statements he made following the stop. Warrantless searches and seizures are generally unconstitutional. *United States v. Silveus*, 542 F.3d 993, 999 (3d Cir. 2008). Police may, however, conduct a reasonable investigatory stop "when there is reasonable suspicion that criminal activity may be afoot." *Id.* (*citing Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)).

Officer Bouye observed Matthews and White participate in a controlled drug purchase. A short time later, he noticed that they were following him as he drove home from the police station. Bouye and Matthews had known each other for years, and it was not unreasonable for Bouye to be concerned that Matthews had recognized him from the surveillance Bouye had conducted earlier that evening. Under these circumstances, Bouye had a reasonable suspicion that Matthews and White were following him purposely and conducting some amateurish counter-surveillance in support of their illegal drug activity. Because he had reasonable suspicion that criminal activity was afoot, Officer Bouye was permitted under the Fourth Amendment to conduct an investigatory stop. *See Silveus*, 542 F.3d at 999. As Bouye's stop of Matthew's vehicle was constitutional, and the consent to search the vehicle has not been challenged, the District Court properly denied Matthews's motion to suppress.

B.      *Constitutional Challenge to 18 U.S.C. § 922(g)(1)*

Matthews contends that Congress exceeded its authority under the Commerce Clause when it passed 18 U.S.C. § 922(g)(1). We specifically addressed this issue in

*United States v. Singletary* and held that § 922(g)(1) was an appropriate exercise of Congress's authority under the Commerce Clause. 268 F.3d at 205. As we have already decided this issue, we need not revisit it here.

## III.	Conclusion

Because Officer Bouye had reasonable suspicion to stop Matthews and § 922(g)(1) is a constitutional exercise of Congress's power under the Commerce Clause, we will affirm.